■ ELIZABETH I. SOLTOW, Appellant, v WALTER SOLTOW, Respondent.— In a support proceeding pursuant to article 4 of the Family Court Act, the petitioner mother appeals from an order of the Family Court, Suffolk County, dated February 24, 1975, which, after a hearing, dismissed her petition upon the ground that the relief she was seeking was also being sought by her in another action·then *sub judice* before the Supreme Court, Suffolk County. Order reversed, on the law and in the exercise of discretion, without costs, and application granted to the extent of modifying the decree

of the Circuit Court of Baltimore County, Maryland, entered September 5, 1968, by increasing the amount of child support awarded therein for Carl A. Soltow, the parties' son, to $55 a week. The Family Court erroneously dismissed this proceeding. The defense that an action by this petitioner, pending in the Supreme Court, Suffolk County, seeks the identical relief sought in the instant proceeding was never interposed by respondent and therefore should not have been considered by the Family Court. Prior to the parties' divorce, they executed a separation agreement which provided that respondent would pay the sum of $45 a week for the support of each of his two sons and that this amount would increase by $10 per child per week should his annual net income increase by $3,000. The divorce decree issued by the Circuit Court of Baltimore County, Maryland incorporated the support provision, with the omission of the escalation clause. The record establishes, and respondent admits, that his annual net income has increased by an amount in excess of $3,000; he has, in fact, been paying support for the younger son at the increased rate for some time in accordance with the separation agreement. While we are of the opinion that petitioner failed to satisfy her burden of proving that respondent's financial circumstances have increased so drastically as to warrant a significant increase in child support, we think that the divorce decree should be modified in accordance with the provisions of the separation agreement. Rabin, Acting P. J., Cohalan, Margett, Brennan and Shapiro, JJ., concur.